IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2219-D

| | |
|---|---|
| FREDERICK HAMILTON BANKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLES RATLEDGE, et al., ) | |
| ) | |
| Respondents. ) | |

On September 1, 2016, Frederick Hamilton Banks ("Banks" or "petitioner"), a federal pretrial detainee proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. He also filed a motion for leave to proceed in forma pauperis [D.E. 2] and a motion to return PLRA payments to his inmate account [D.E. 6].

Pursuant to 18 U.S.C. § 4241, Banks is detained at the Federal Medical Center in Butner, North Carolina. See In re Banks, No. 16-2453, 2016 WL 6518527, at *1 (3d Cir. Nov. 3, 2016) (per curiam) (unpublished). A grand jury in the United States District Court for the Western District of Pennsylvania charged Banks with interstate stalking in violation of 18 U.S.C. § 2261A(2), wire fraud in violation of 18 U.S.C. § 1343, aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and making false statements in violation of 18 U.S.C. § 1001(a)(3). See id.

Banks asks the court to vacate his commitment order and argues that his evaluation process has gone on longer than statutorily permitted and that the delay is due to racial animus. See [D.E. 1]. The court referred Banks's petition to Magistrate Judge Numbers for initial review

under 28 U.S.C. § 2243. On July 10, 2017, Judge Numbers issued a Memorandum and Recommendation ("M&R") recommending dismissing Banks's petition for failure to exhaust the remedies available to him in the Western District of Pennsylvania. See M&R [D.E. 8] 1. Judge Numbers also granted Banks's in forma pauperis motion and denied, as moot, Banks's motion to have payments returned to his inmate account. Id. at 6. On July 20, 2017, Banks objected to the M&R [D.E. 9, 10].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Banks's objections. As for those portions of the M&R to which Banks made no objection, the court concludes that there is no clear error on the face of the record.

In his first set of objections, Banks does not address the substance of the M&R's findings or recommendation, but rather alleges constitutional violations concerning his criminal case. See [D.E. 9]. Banks's objections to his criminal case do not concern the analysis contained in the M&R, but instead raise claims not before this court. See Fed. R. Civ. P. 72(b)(2); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Thus, the court overrules these objections.

When Banks filed his petition, Banks "had not exhausted available remedies in the trial and appellate courts in his criminal case, and has not alleged any exceptional circumstances

2

sufficient to excuse this failure." M&R at 5. A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. See e.g., Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973). A petitioner, however, must exhaust other available remedies before he is eligible for habeas corpus relief under § 2241. See, e.g., United States v. Addonizio, 442 U.S. 178, 184 n.10 (1979); Jones v. Perkins, 245 U.S. 390, 391 (1918). This exhaustion requirement also applies to individuals who are subject to civil commitment. See Timms v. Johns, 627 F.3d 525, 533 (4th Cir. 2010). Banks's petition and the docket in his criminal case demonstrate that, when he filed his petition, he had not exhausted available remedies in the trial and appellate courts in his criminal case and has not alleged any exceptional circumstances sufficient to excuse this failure. Thus, Judge Numbers correctly recommended dismissing Banks's petition.

Banks also objects to Judge Numbers's factual finding that "[q]uestions still persist regarding whether Banks will ever be competent to stand trial." Obj. [D.E. 10] (quotation omitted); see M&R at 4. This factual finding is correct given that Banks's competency proceedings are ongoing. See Order, United States v. Banks, No. 2:15-CR-168-MRH-1, [D.E. 356] (W.D. Pa. May 24, 2017) (ordering supplemental briefing regarding Banks's competency); Docket Report at https://ecf.pawd.uscourts.gov/cgi-bin/DktRpt.pl?16890616970376-L_1_0-1 (last checked Aug. 10, 2017). In any event, the factual finding is not necessary for, and does not affect, Judge Numbers's conclusion that because Banks has failed to exhaust his remedies in the Western District of Pennsylvania, he is not entitled to habeas relief in this court. Thus, this objection is overruled.

In sum, the court ADOPTS the conclusion in the M&R [D.E. 8] that Banks has failed to exhaust his remedies in the Western District of Pennsylvania, OVERRULES Banks's objections

3

to the M&R [D.E. 9, 10], and DISMISSES the petition [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 14 day of August 2017.

JAMES C. DEVER III
Chief United States District Judge